IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
August 2, 2006

CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| JESSIE PHILLPS, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | Civil Action No.  3:05-cv-2523-R |
| | § | |
| GREEN TREE SERVICING f/k/a | § | |
| CONSECO FINANCE SERVICING CORP., | § | |
| et al., | § | |
| | § | |
| **Defendants.** | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

On July 7, 2006, United States Magistrate Judge Paul Stickney issued three separate

Findings, Conclusions and Recommendation (the "Findings and Recommendation") (Dkt. Nos. 37-

39) concerning several motions to dismiss filed in this case.  Those Findings and Recommendations,

the motions to which they pertain, and any objections filed thereto are now before the Court.  After

conducting *de novo* review, the Court **GRANTS** the motions to dismiss.

### I. BACKGROUND

This is a *pro se* lawsuit brought against thirty parties.  The following individuals are named

as defendants: (1) Green Tree Services LLC (f/k/a Conseco Financing Servicing Corporation); (2)

Nationwide; (3) Navarro County, County Offices, and County Personnel; (4) Lisa D. Mooneyhan;

(5) Charles R. Statham; (6) Marilyn Greer; (7) Judge John H. Jackson; (8) Judge Connie Mayfield;

(9) Dwayne Binder; (10) Amelia Binder; (11) Paul E. Fulbright; (12) Amanda Doan; (13) the United

States Bankruptcy Court for the Northern District of Texas, Dallas Division; (14) the Honorable

Harlin D. Hale, United States Bankruptcy Court Judge for the Northern District of Texas, Dallas

Division; (15) Dallas County Attorneys; (16) Portia D. Bosse, attorney of record for Navarro County; (17) Stockham, counsel for Nationwide Housing; (18) Richter; (19) Cross; (20) McKinney; (21) DeAyala; (22) Bavouset; (23) Foremost Insurance; (24) Chris Dyer; (25) Bobbie Nors; (26) Ivey Lynn Brush; (27) Scott; (28) Hale County; (29) Judge Robert W. Kinkaid; and (30) the Texas Department of Insurance.

The Magistrate Judge offers a detailed account of the factual history of this case – as alleged by Plaintiff – in the Background statements of his Findings and Recommendations. Those statements are hereby adopted by reference.[1] Construing the complaint in the manner most likely to preserve federal jurisdiction, Plaintiff alleges that Defendants violated his civil rights pursuant to 42 U.S.C. §§1983 & 1985 by conspiring to deprive him of property (his mobile home) without due process of law. (*See* Compl. at 1).

## II. STANDARDS OF REVIEW

A district court conducts *de novo* review on a timely objection to a magistrate judge's findings and recommendations on a dispositive motion. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The Court need not consider objections that are frivolous, conclusive, or general in nature. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir.1987). Because Plaintiff timely filed objections to the Magistrate Judge's Findings and Recommendations, the Court will review those Findings and Recommendations *de novo*.

---

[1] Defendants Dwayne Binder and Amelia Binder have objected to the Magistrate Judge's statement of facts as they pertain to them. (*See* Dkt. No. 40). They object to Plaintiff's claim that defendant Judge Jackson entered a default judgment against him because he did not receive a writ and to Plaintiff's claim that they were sanctioned in bankruptcy court for initiating foreclosure proceedings in violation of the automatic stay. They have submitted publicly-filed documents as evidence. In accordance with the standard of review under Rule 12(b)(6), the Magistrate Judge merely assumed the truth of the allegations made in the complaint. For that reason, no factual findings were ever made that would be binding upon the Binders in any future litigation. In any event, the Court takes judicial notice of the documents filed in conjunction with their objections and will not assume the truth of Plaintiff's allegations to the extent that they pertain to them.

The motions before the Court are brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(6) is disfavored in the law and rarely granted. *See Thompson v. Goetzmann* 337 F.3d 489, 495 (5th Cir. 2003). When ruling on a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). The complaint will only be dismissed if it appears beyond doubt that the claimant can prove no set of facts in support of its claim that would entitle him or her to relief. *See Campbell*, 43 F.3d at 975; *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). The relevant question is not whether the claimant will prevail but whether it is entitled to offer evidence to support its claims. *See Cross Timbers Concerned Citizens v. Saginaw*, 991 F.Supp. 563, 571 (N.D.Tex. 1997).

In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). The court may, however, take judicial notice of documents in the public record and may consider them in ruling on the motion. *R2 Investments LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005) (citing *Lovelace*, 78 F.3d at 1017-18).

### III. ANALYSIS

The first Findings and Recommendation (Dkt No. 37) recommended that the Court grant various motions to dismiss filed by defendants Green Tree Services LLC, Gregory Allen Scott, Foremost Insurance Co, Chris Dyer, Bobbie Nors, Ivey Lynn Brush, Richard A McKinney, Michael Stockham, Katharine Battaia Richter, E F Mano DeAyala, James S Bavouset, Ronald Cross, and

Nationwide Housing Systems (*see* Dkt Nos. 10, 13, 15, 16, 23, 24) and enter an order of dismissal with prejudice.  The Magistrate Judge concluded that the motions should be granted because even construing the allegations in the light most favorable to him, Plaintiff cannot show any state action on the part of these defendants.

The second Findings and Recommendation (Dkt. No. 38) recommended that the Court grant the motion to dismiss filed by the Hon. Robert B. Kinkaid (Dkt. No. 4) and enter an order of dismissal with prejudice.  The Magistrate Judge concluded that Judge Kinkaid was cloaked with absolute immunity from Plaintiff's lawsuit, which arose from the performance of Judge Kinkaid's judicial duties.  Alternatively, the Magistrate Judge concluded that the *Rooker-Feldman* doctrine bars Plaintiff's suit against Judge Kinkaid because the claim essentially sought review of a state court decision.

The third Findings and Recommendation (Dkt. No. 39) recommended that the Court grant the motion to dismiss filed by the Texas Department of Insurance (Dkt. No. 2) and enter an order of dismissal with prejudice.  The Magistrate Judge concluded that the Eleventh Amendment barred Plaintiff's claim against the Texas Department of Insurance, a state agency.

After reviewing the defendants' motions to dismiss, *de novo*, and considering all objections to the Magistrate Judge's Findings and Recommendations, the Court is of the opinion that the Magistrate Judge's Findings and Recommendations (Dkt Nos. 37-39) should be adopted and Plaintiff's objections (Dkt. No. 41) should be overruled as frivolous.  Viewing Plaintiff's complaint in the light most favorable to him, the Court finds as follows:

With respect to defendants Green Tree Services LLC, Gregory Allen Scott, Foremost Insurance Co, Chris Dyer, Bobbie Nors, Ivey Lynn Brush, Richard A McKinney, Michael

Stockham, Katharine Battaia Richter, E F Mano DeAyala, James S Bavouset, Ronald Cross, and Nationwide Housing Systems, Plaintiff cannot show that their conduct was performed "under color" of state law or that it would otherwise constitute state action giving rise to a constitutional claim. *See* 42 U.S.C. §1983; *Yeager v. City of McGregor*, 980 F.2d 337, 339-40 (5th Cir. 1993). Accordingly, the Court will grant those defendants' motions to dismiss.

With respect to defendant Judge Robert B. Kinkaid, the Court finds that – at all relevant times – Judge Kincaid was acting within the scope of his judicial duties and is, therefore, absolutely immune from this lawsuit, which arises out of the performance of his duties. *See Stump v. Sparkman*, 435 U.S. 349, 362-64 (1978). Likewise, Plaintiff's claims against Judge Kincaid are barred by the *Rooker-Feldman* doctrine, which prohibits litigants from obtaining review of state court actions through civil rights actions brought in federal court. *See Brinkmann v. Johnston*, 793 F.2d 111, 112 (5th Cir. 1986); *see also*, *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). For these reasons, the Court will grant Judge Kinkaid's motion to dismiss.

Lastly, the Court finds that Plaintiff's claims against the Texas Department of Insurance should also be dismissed. The Eleventh Amendment prevents individuals from suing a state for damages. *See* U.S. Const. Am. XI; *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996). Eleventh Amendment immunity extends not only to the states themselves but also to state agencies and departments. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Texas Department of Insurance is unquestionably a state agency. *See El Paso Elec. Co. v. Texas Dep't of Ins.*, 937 S.W.2d 432, 434 (Tex.1996). Consequently, Plaintiff's §1983 claims against the Department of Insurance are barred by the Eleventh Amendment.

5

**IV. DISPOSITION**

For the foregoing reasons, it is hereby **ORDERED** that the Rule 12(b)(6) Motions to Dismiss filed by defendants Green Tree Services LLC, Gregory Allen Scott, Foremost Insurance Co, Chris Dyer, Bobbie Nors, Ivey Lynn Brush, Richard A McKinney, Michael Stockham, Katharine Battaia Richter, E F Mano DeAyala, James S Bavouset, Ronald Cross, and Nationwide Housing Systems (Dkt Nos. 10, 13, 15, 16, 23, 24) are **GRANTED**.  Plaintiff's claims against those defendants are hereby **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that defendant Hon. Robert B. Kinkaid's Rule 12(b)(6) Motion to Dismiss (Dkt. No. 4) is **GRANTED**.  Accordingly, Plaintiff's claims against Judge Kincaid are hereby **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that defendant Texas Department of Insurance's Rule 12(b)(6) Motion to Dismiss (Dkt. No. 2) is **GRANTED**.  Accordingly, Plaintiff's claims against the Texas Department of Insurance are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**ENTERED: August 2 , 2006.**

_____
**HON. JERRY BUCHMEYER**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**